UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G. WESLEY BLANKENSHIP,

       Plaintiff,

v.                                                                                    Case No. 13-12386
                                                                                      Honorable Denise Page Hood
SUPERIOR CONTROLS, INC., *et al*,

       Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S APRIL 25, 2014, REPORT AND RECOMMENDATION [#96]

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation on Plaintiff G. Wesley Blankenship's Motion to Compel Arbitration [**Docket No. 96, filed April 25, 2014**]. Neither Plaintiff nor Defendant filed an objection to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. Plaintiff's Motion to Compel Arbitration [**Docket No. 48, filed January 3, 2014**] is **DENIED**.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

*Id.* Objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.")

"[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A party's failure to file any objections waives his or her right to further appeal, *see Smith*, 829 F.2d at 1373, and relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff requested relief under the Employment Agreement. Plaintiff's failure to plead arbitration as an affirmative defense in his answer to the counter- complaint

coupled with his participation in litigation for six months since the filing of the counterclaims to bring the motion to compel waives his right to arbitration under the agreement.

The Court notes that the Magistrate Judge also notified the parties of their right to "seek review of this Report and Recommendation" and reminded them of the timeline in which to do so. As previously stated, neither Plaintiff nor Defendants have filed any objections to the Magistrate Judge's April 25, 2014, Report and Recommendation. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Michael Hluchaniuk **[Docket No. 96, filed April 25, 2014]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's to Compel Arbitration **[Docket No. 48, filed January 3, 2014]** is **DENIED**.

**IT IS SO ORDERED.**

**Dated: September 30, 2014**          s/Denise Page Hood
                                       Denise Page Hood
                                       United States District Judge

3

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2014, by electronic and/or ordinary mail.

                                                          s/LaShawn R. Saulsberry
                                                          Case Manager