UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G. WESLEY BLANKENSHIP,

    Plaintiff,

v

SUPERIOR CONTROLS, INC., a Michigan corporation, RANDALL E. BRODZIK, MARK E. SOBKOW, RODERICK L. EMERY, KEVIN T. BUTLER, GREG D. CAMERON, CHRISTOPHER J. LAKE, ROGER M. TEMELIN, individuals,

    Defendants,

v

SUPERIOR CONTROLS, INC.,

    Counter-Plaintiff,

v

G. WESLEY Blankenship,

    Counter-Defendant.

Case No.: 2:13-cv-12386
Honorable Denise Page Hood
Magistrate Michael Hluchaniuk

_____/

| Daniel D. Quick (P48109) | Mark McGowan (P24188) |
|---|---|
| Robert P. Zora (P74231) | Michael J. Barton (P34509) |
| **DICKINSON WRIGHT, PLC** | **PLUNKETT COONEY** |
| Attorneys for G. Wesley Blankenship | Attorney for Defendants and Counter-Plaintiff |
| 2600 West Big Beaver Road, Suite 300 | 38505 Woodward Avenue, Suite 2000 |
| Troy, MI 48084 | Bloomfield Hills, MI 48304 |
| (248) 433-7200 | (248) 901-4009 |
| dquick@dickinsonwright.com | mmcgowan@plunkettcooney.com |
| rzora@dickinsonwright.com | mbarton@plunkettcooney.com |

_____/

# DEFENDANTS' SUPPLEMENTAL BRIEF SUBMITTING CASE LAW REGARDING WHETHER REPRESENTATION BY AN ATTORNEY IS A PER SE BAR TO A DURESS CLAIM

At the hearing on the parties' Motions for Summary Judgment on October 1, 2014, the Court requested counsel for Defendant, Superior Controls, Inc. ("SCI") to submit citations to cases showing that representation by counsel is not a per se bar to rescinding a contract due to duress.

The following are citations to such cases:

1.  *Nelson v. Leszczynski-Clark Co.,* 143 N.W. 606, 607, 177 Mich. 517, 520-522 (Mich. 1913)

2.  *Holzman v. Barrett,* 192 F. 2d 113, 118-119 (7th Cir. 1951)

3.  *CitiBank v. Real Coffee Trading Co.,* 566 F. Supp. 1158, 1164-1165 (S.D. N.Y. 1983)

4.  *Freedlander, Inc. v. NCNB National Bank of North Carolina,* 706 F. Supp. 1211, 1221-1222 (E.D. Va. 1988)

5.  *FDIC v. Linn,* 671 F. Supp. 547, 561, Fn. 34 (N.D. Ill. 1987)

6.  *Krantz v. BT Visual Images, LLC,* 89 Cal. App. 4th 164, 176-177, 107 Cal. Rptr. 2d 209, 218 (Cal. App. 2001)

These cases indicate that representation by counsel, although a factor to be considered in the duress analysis, is not alone determinative. Even where a party claiming duress was represented by counsel in connection with the underlying contract, the issue remains whether that party had reasonable alternatives other than giving into the threat. If such reasonable alternatives existed, the advice of counsel would be a factor

supporting the argument that the complaining party knew and had the ability to take alternative steps other than giving into the threats. If such alternatives do not exist, then advice of counsel would not have provided any meaningful assistance to the complaining party. Therefore, the fact the complaining party was represented by counsel would not defeat a duress claim.

Thus, in *Nelson v. Leszcynski, supra,* the Michigan Supreme Court upheld a jury verdict finding duress where the advice of counsel did not provide the plaintiff with any reasonable alternative to giving into the threat. The lawyer's advice to the plaintiff "did not tend to allay his fear." See also, e.g., *Freedlander, supra; Holzman v. Barrett, supra.*

No Michigan case has held that the fact the complaining party was represented by counsel in connection with the contract, is a per se bar to a duress claim. To the extent courts have found advice of counsel to be evidence of lack of duress, they have treated the issue as simply a factor in the analysis, not as the sole determinative factor. See, *e.g., Cochran v. Ernst & Young,* 758 F. Supp. 1548, 1557 (E.D. Mich. 1991).

Other cases interpreting Michigan law have held duress may be asserted in situations where an attorney was clearly involved. Thus, for example, in *Kelsey-Hayes Co. v. Galtaco Redlaw Castings Corp.,* 749 F.

Supp. 794 (E.D. Mich. 1990), it may be assumed that the plaintiff, *Kelsey-Hayes Co.,* a large corporation, had counsel advising it in connection with the contracts it claimed were entered into as a result of duress. The fact that *Kelsey-Hayes* would have had an army of lawyers evaluating such contracts was not even an issue discussed. The nature of the threat to the business was the focus of the analysis.

Similarly, in *In Re Rochkind,* 128 B.R. 520 (E.D. Mich. Brtcy. 1991), an attorney was involved. In that case, a judge threated to ruin the career of a lawyer if the lawyer's wife did not execute a mortgage and note. The wife, after consulting with her attorney husband, signed the mortgage and note based on the threat to her husband's career. *Rochkind,* 523. The Court held that due to this duress, the mortgage and note were unenforceable. *Id.* 525-526. The fact that the wife's husband was a lawyer and, therefore fully cognizant of their legal rights, was not in any way considered a bar to the claim. It was not even discussed.

It should be noted that this Court has only asked for citation of legal authority regarding the issue of whether representation by counsel is an absolute bar to a duress claim. In this memorandum, SCI has only supplied that case law and a brief interpretation of that law.

4

It is important to recognize that Plaintiff in his Motion for Summary Judgment, never made any argument based on representation of counsel. Therefore, SCI did not respond to any such argument in its response papers. In this brief, SCI is responding to the pure legal issue of whether representation by counsel is an absolute bar to a duress claim. SCI has not attempted to supply affidavits and other evidence showing the factual circumstances as to why the existence of representation by counsel, when viewed as a factor in the duress analysis, would not defeat a duress claim in this case. Plaintiff should not be able to submit any such factual evidence, or make any such factual argument at this point. If the Court, in its summary judgment analysis, wishes to go beyond the pure legal issue of whether representation by counsel is a per se bar to a duress claim, SCI respectfully requests the opportunity to submit its evidence and factual arguments regarding that issue.

        Respectfully submitted,

        PLUNKETT COONEY

          /s/ Michael J Barton (P34509)
By: _____
        Mark McGowan (P24188)
        Michael J. Barton (P34509)
        **PLUNKETT COONEY**
        Attorney for Defendants
        mmcgowan@plunkettcooney.com

Dated: October 3, 2014        mbarton@plunkettcooney.com

**PROOF OF SERVICE**
The undersigned certifies that on **October 3, 2014** a copy of the foregoing was served upon all attorneys of record to the above cause at their respective addresses disclosed in the pleadings.
BY:
___U.S. MAIL                    ___FAX
___HAND DELIVERY        ___OVERNIGHT MAIL
___EMAIL                          _x_ OTHER - efile

I declare under penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

     /s/  Michael J Barton (P34509)
_____
        Michael J. Barton  (P34509)

Open.22142.31608.14609931-1